OM : WASH & THOMAS                    PHONE NO. : 254 7769217              May. 27 1998 09:21

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

98 MAY 27 AM 10: 17

*Robert m mue*
CLERK-SANTA FE

ROBERT STARKS,

      Plaintiff

vs

GHOST CLAN OF NATIVE AMERICAN CHURCH,
RANDOLPH "DUKE" WHITE, WILLIAM LOGAN,
DAVE CORDOVA, JAMES HAULINGWATER, BUTCH
KAHIL, and OTHER UNKNOWN AND SIMILARLY
SITUATED PERSONS ACTING IN CONCERT WITH
THE ABOVE NAMED PARTIES,

      Defendants

§
§
§
§
§ CIV 98    0 0 6 3 0
§
§              WILLIAM W. DEATON-WWD
§
§
§
§
§
§

## COMPLAINT

COMES NOW Plaintiff, Robert Starks, complaining of Defendants, alleging and stating, as follows:

### Jurisdiction, Venue, and Parties

1.  Plaintiff is a resident citizen and domiciliary of Limestone County, Texas, and is a citizen of the United States, and does so reside and live in that county and state wherein he carries on his businesses.

2.  Defendant Ghost Clan of the Native American Church is purportedly a non-profit corporation formed in the State of Colorado, composed of members, inter alia, of those individual Defendants named above. Its address purportedly is Box 777, Mesita, Colorado where it may be served with process by mail. In the alternative, Plaintiff alleges that the Ghost Clan of the Native American Church is an unincorporated association composed of the Defendants named above.

3.  Defendant Randolph "Duke" White is a resident citizen of

FROM : WASH & THOMAS                    PHONE NO. : 254 7769217              May. 27 1998 09:22

the State of Colorado, residing at 108 Coronado, Mesita, Costilla County, Colorado, with a mailing address of P.O. Box 91, Mesita, Colorado 81152, where he may be served with process by mail.

4. William Logan is a resident citizen of the State of California where he is licensed to practice law, with offices at 43221 Sierra Drive, Three Rivers, Tulare County, California 93271, with a mailing address of P.O. Box 726, Three Rivers, California 93271, where he may be served with process by mail.

5. Dave Cordova is a resident citizen of Garcia, Costillo County, New Mexico, whose mailing address is P.O. Box 265, Garcia, New Mexico 81150 where he may be served with process by mail.

6. James Haulingwater is believed to be a resident citizen of Colorado. This defendant's address will supplied upon discovery.

7. Butch Kahil is believed to be a resident citizen of Colorado. This defendant's address will supplied upon discovery.

8. Jurisdiction of this action is founded upon 28 U.S.C. §§ 1332(a) and 1391. Jurisdiction of this Court is invoked based upon the diversity of citizenship of the Plaintiff and Defendants. Plaintiff shows that this action is brought in the District of New Mexico, Santa Fe Division, because the acts complained of occurred in Taos County, New Mexico. Likewise, venue is set in this Division by virtue of Taos County, New Mexico being a part of said Division.

## STATEMENT OF FACTS

9. On or about January 9, 1995, by warranty deed, that certain tract of land known as the Ute Mountain Ranch, as shown by Exhibit "A" which is incorporated herein by reference the same as if fully set out, was conveyed to Robert Starks. The boundaries and lines

are shown in Exhibit "B", a map/plat, which is incorporated herein by reference the same as if fully set out.

10. Soon thereafter, a small group of trespassers and usurpers pretended to have, and so represented to Plaintiff, that they had a right to go upon the land of Plaintiff without permission. By letters of August 13, 1996, June 10, 1997, June 16, 1997, and September 30, 1997, Randolph "Duke" White and William Logan advised Plaintiff that they had the right to go upon his land or that they intended to go upon his land, without permission, and proceeded to do so.

11. As a result of threats by William Logan and "Duke" White to go on a "vision quest" to Ute Mountain and other areas of Plaintiff's land, he, at great expense, had a fence, with a locked gate, constructed on the northern boundaries of his land to advise the world that the land could not be entered. Shortly thereafter, the fence and gate were torn down and destroyed or damaged.

12. On or about July 4, 1996, William Logan and "Duke" White went upon Plaintiff's land as trespassers and did so again on July 4, 1997.

13. On or about November 24, 1996, the Defendants above named erected a metal sign, encased in concrete, on Plaintiff's land stating that they were claiming adverse possession of Plaintiff's land. The sign subsequently was forcibly removed from Plaintiff's land.

14. Plaintiff believes that Defendants intend to make another "vision quest", that is, they intend to trespass on Plaintiff's land again on or about July 4, 1998, without permission.

15. Plaintiff has no adequate remedy at law, other than to repeatedly sue Defendants and others similarly situated, each time there is a trespass or announced intent to trespass. Therefore, Plaintiff sues Defendants for a temporary restraining order and temporary and permanent injunctions against Defendants, requesting the Court for an injunction prohibiting Defendants, and others similarly situated, from going upon Plaintiff's land.

WHEREFORE, Plaintiff prays that:

1. Defendants be temporarily restrained and preliminarily enjoined during the pendency of this action from hindering Plaintiff in the quiet enjoyment and possession of his land by trespassing upon or inciting others acting in concert with the named Defendants from hindering Plaintiff in the quiet enjoyment and possession of his land by trespassing upon the land;

2. That Defendants, and all others acting in concert with Defendants, be permanently enjoined from trespassing on Plaintiff's land or inciting others acting in concert with Defendants from doing so;

3. The costs of this action be taxed against Defendants;

4. Plaintiff have such other and further relief as to the Court may seem just and proper.

Respectfully Submitted,

ROBERT L. MCHANEY, JR.
State Bar No. 13670200
6613 Sanger Avenue
Waco, Texas 76710
(254) 776-3611
(254) 776-9217 - Fax

OF COUNSEL:

WASH & THOMAS
6613 Sanger Avenue
Waco, Texas 76710
(254) 776-3611
(254) 776-9217 - Fax

WHITE, KOCH, KELLY & MCCARTHY, P.A.
P.O. Box 787
Santa Fe, NM 87504-0787
(505) 982-4374
(505) 982-0350 - Fax

By: _____
        KAREN KILGORE

TIERRAS DE ___ OS
TITLE COMPAN_, INC.

# 181635
12:01
1-10-95

## WARRANTY DEED

NANILOA INVESTMENT COMPANY, LTD., a Utah Limited Partnership

for consideration paid, grants to ROBERT STARKS, a single person,

P. O. Box 818, Buffalo, Texas 75831, real property located in Taos

County, New Mexico, described as follows:

      Attached hereto marked Exhibit "A"


      Subject to Exceptions in Schedule B-Section 2 in
      Commitment for Title Insurance Case No. 941018-957

Subject to reservations, covenants, restrictions and easements of
record.

WITH WARRANTY COVENANTS.

      WITNESS its hand and seal this __9th__ day of _January_ ,
1995.


                        NANILOA INVESTMENT COMPANY, LTD.,
                        a Utah Limited Partnership


                        BY: _____

STATE OF __Ut__ )
                   ) SS
COUNTY OF __SL__ )

      This instrument was acknowledged before me on _Jan 9th_ ,
1995, by Jay Brasher, Managing Partner of NANILOA INVESTMENT
COMPANY, LTD. on behalf of the partnership.

NOTARY PUBLIC
ANN IORG
780 South 550 West
Salt Lake City, Utah 84104
My Commission Expires
8-17-96

                        _____
                        NOTARY PUBLIC

                        My Commission Expires: _8-17-9_

Exhibit "A"

LEGAL DESCRIPTION of 15,728.10 Acres shown as TRACT A of survey entitle
"Survey of A Portion of the Westerly Portion of SANGRE DE CRISTO LAND GRANT
Taos County, New Mexico February, 1980":

A certain tract of land near Costilla, Taos County, New Mexico.
Described as part of the Westerly portion of the Sangre De Cristo L
Grant and as Part of Sections 2, 11, 14, 23, 26, 29, 30, 32, 33 and 35,
T. 1 S., R. 74 W., Colorado Baseline and as Part of Sections 3 and 4,
T. 2 S., R. 74 W., Colorado Baseline and as Part of Sections 13, 24 and 2
T. 1 S., R. 75 W., Colorado Baseline and as ALL of Sections 3, 4, 5, 6,
8, 9, 10, 15, 16, 17, 18, 19, 20, 21, 22, 27, 28 and 34, T. 1 S., R. 74 W
Colorado Baseline, of a private survey for the Costilla Estates Developme
Company by T. C. McPherson, as shown on a Map of Sectionizing, fil
in the Taos County Courthouse on May 11, 1920 and further described
metes and bounds as follows:

Beginning at the Southwest corner of the Sangre De Cristo Land Grant
1943 USGLO brass cap monument; thence bearing West 368.00 feet to point
being the Southwest corner of this Tract, on the centerline of the R
Grande River; thence upstream along the centerline of the Rio Grar
River, the following meander courses,

| thence | N. 01°48'00" E. | 901.00 feet to point | 2; |
|--------|-----------------|----------------------|-----|
| thence | N. 38°00'00" E. | 680.50 feet to point | 3; |
| thence | N. 19°43'00" W. | 926.60 feet to point | 4; |
| thence | N. 38°29'00" E. | 1,824.20 feet to point | 5; |
| thence | N. 64°26'00" E. | 2,034.90 feet to point | 6; |
| thence | N. 35°45'00" E. | 274.40 feet to point | 7; |
| thence | N. 04°57'00" E. | 627.90 feet to point | 8; |
| thence | N. 42°05'00" E. | 1,020.00 feet to point | 9; |
| thence | N. 12°17'00" E. | 983.00 feet to point | 10; |
| thence | N. 11°51'00" E. | 1,195.30 feet to point | 11; |
| thence | N. 65°01'00" E. | 420.40 feet to point | 12; |
| thence | N. 71°54'00" E. | 127.70 feet to point | 13; |
| thence | N. 23°22'00" E. | 408.30 feet to point | 14; |
| thence | N. 29°19'00" W. | 613.70 feet to point | 15; |
| thence | N. 00°08'00" E. | 657.00 feet to point | 16; |
| thence | N. 38°52'00" W. | 306.30 feet to point | 17; |
| thence | N. 44°02'00" W. | 354.60 feet to point | 18; |
| thence | N. 17°56'00" E. | 242.30 feet to point | 19; |
| thence | N. 36°55'00" E. | 372.20 feet to point | 20; |
| thence | N. 25°23'00" W. | 1,085.50 feet to point | 21; |
| thence | N. 10°54'00" E. | 1,063.20 feet to point | 22; |
| thence | N. 25°30'00" E. | 687.40 feet to point | 23; |
| thence | N. 28°31'00" E. | 302.20 feet to point | 24; |
| thence | N. 52°15'00" E. | 236.60 feet to point | 25; |
| thence | N. 10°24'00" W. | 1,157.30 feet to point | 26; |
| thence | N. 22°55'00" W. | 1,151.60 feet to point | 27; |
| thence | N. 00°35'00" W. | 768.20 feet to point | 28; |
| thence | N. 13°31'00" E. | 254.70 feet to point | 29; |
| thence | N. 00°04'00" W. | 855.20 feet to point | 30; |
| thence | N. 35°57'00" E. | 454.50 feet to point | 31; |
| thence | N. 25°34'00" E. | 215.40 feet to point | 32; |

thence N. 22°26'00" W. 585.50 feet to point 33, being the Northwe
corner of this Tract a point on the New Mexico and Colorado State Line;

thence leaving the centerline of the Rio Grande River and bearing al
said State boundary line, N.89°55'00"E.  318.10 feet to the  147+70.58 mi
marker a 1925 U.S.G. brass cap monument in concrete;

thence N.89°55'00"E.  4,655.20  feet to the 147 mile marker a 1925 U.S.
brass cap monument in concrete;

thence N.89°58'00"E.  5,364.90  feet to the 146  mile marker,  marked by
scribed stone in place;

thence N.89°52'00"E.  5,279.60  feet to the 145  mile marker, marked by
two inch iron pipe in place;

thence N.89°55'00"E.  5,280.00 feet to the 144  mile marker  a 1928 U.S.
brass cap in concrete;

thence N.89°42'00"E.  1,616.15 feet to the Northeast corner of this Tra
marked by a No. 5 rebar with N.M.L.S. No. 9801 plastic cap;

thence leaving the Northeast corner and leaving the New Mexico and Colora
State Line,  bearing S.00°03'43"E.  15,831.69  feet to  a No. 5 rebar wi
N.M.L.S. No. 9801 plastic cap;

thence S.00°03'43"E.  15,843.10 feet to the Southeast corner of  this Tra
a point on the South line of Township 1 South, Range 74 West, of t
Colorado Baseline marked by a No. 4 rebar;

thence bearing  N.89°59'10"W.  3,514.63 feet to an inside  corner marked
a No. 4 rebar;

thence bearing  S.00°00'59"W.  3,651.70 feet to the Southernmost corner
this Tract  a point on the Southwesterly boundary  line of  the Sangre
Cristo Land  Grant marked by a No. 4 rebar, from whence the 5 1/2 mi
marker a 1943 USGLO  brass cap  monument bears  S.55°43'39"E.  992.92 fe
distant;

thence leaving the Southernmost corner of this Tract, bearing N.55°43'00"
.,646.30 feet to the 5 mile marker a 1943 USGLO brass cap;

thence N.55°31'00"W.  132.10 feet to the closing corner between Sections
27 and 28, T.31 N., R.12 E., N.M.P.M., a 1943 USGLO brass cap monument;

thence N.55°45'00"W.  270.30 feet to the closing corner between  Sections
21 and 28, T.31 N., R.12 E., N.M.P.M., a 1943 USGLO brass cap monument;

thence N.55°32'00"W.  2,218.50  feet to the 4 1/2 mile marker, a 1943
USGLO brass cap monument;

EXHIBIT "A" Page 2

thence N.55°36'00"W.    2,619.30 feet to the 4-mile marker, a 1943 USGLO brass cap monument;

thence N.55°47'00"W.  1,330.20 feet to the closing  corner between S 20 and 21, T.31 N., R.12 E., N.M.P.M., a 1943 USGLO brass cap monume

thence N.55°46'00"W.    1,328.20 feet to the 3 1/2 mile marker, a 194 USGLO brass cap monument;

thence N.55°46'00"W.  2,005.30 feet to the closing  corner between S 17 and 20, T.31 N., R.12 E., N.M.P.M., a 1943 USGLO brass cap monume

thence N.55°56'W.    654.00  feet to  the 3  mile marker, a 1943 USGL cap monument;

thence N.56°19'00"W.  2,332.50 feet to the closing  corner between S 17 and 18, T.31 N., R. 12 E., N.M.P.M., a 1943 USGLO brass cap monum

thence N.54°40'00"W.   338.40 feet to the 2 1/2 mile marker, a 1943 brass cap monument;

thence N.55°51'00"W.  2,670.40 feet to the 2 mile marker, a 1943 USG brass cap monument;

thence  N.55°28'00"W.   2,656.60  feet  to  the  1 1/2 mile marker, USGLO  brass cap monument;

thence N.55°28'00"W.  724.70 feet to the closing corner between Sect T.31 N., R.12 E., N.M.P.M., and Section 13, T.31 N., R.11 E.,  N.M.P 1943 USGLO brass cap monument;

thence N.56°09'00"W.   54.20 feet to the closing corner between Sect 12 and 13, T.31 N., R.11 E., N.M.P.M., a 1943 USGLO brass cap monume

thence N.55°23'00"W.  1,882.20 feet to the 1 mile marker, a 1943 USG brass cap monument;

thence N.55°16'00"W.    2,645.50 feet to the 1/2 mile marker, a 1943 brass cap monument;

thence N.55°17'00"W.  1,858.30 feet to the closing  corner between S 11 and 12, T.31 N., R.11 E., N.M.P.M., a 1943 USGLO brass cap monume

thence N.55°17'00"W.   792.70 feet to the Southwest corner of the Sa Cristo Land Grant and the point and place of beginning.

EXHIBIT "A" Page 3

Exceptions Schedule B-Section 2

1. Terms and reservations in the patent from the United States of America to the Sangre de Cristo Grant dated December 20, 1880, recorded in Book A-11, pages 1-37, records of Taos County, New Mexico.

2. Reservation in the Rio Costilla Cooperative Livestock Association, Inc., of 1/4 mineral interest as described in Final Decree of District Court Cause No. 9911. Action: Quiet Title Suit

3. Reservations and rights described in Warranty Deed dated March 14, 1977 from Hickory Spinners, Inc. a North Carolina corporation to Louis Menyhert Ltd. # 4, a New Mexico Limited Partnership, recorded in Book A-143, pages 232-237, records of Taos County, New Mexico, as described in subsequent deeds recorded in Book A-142, pages 881-885; Book A-145, pages 836-841; Book A-159, pages 276-278; and in Book A-159, pages 279-281, all records of Taos County, New Mexico.

4. Right-of-Way Easement notarized October 14, 1977 from Public Service to Kit Carson Electric Cooperative Inc., filed for record in Book M-64, page 871, records of Taos County, New Mexico.

5. Scenic Easement dated March 14, 1980 from Public Service Company, etal to United States of America, recorded in Book M-76, pages 443-447, records of Taos County, New Mexico.

6. Roadway Grant of Easement dated April 13, 1993 by and between Steve and Maureen Johnson and Paragon Resources, Inc., recorded in Book M-158, pages 827-830, records of Taos County, New Mexico.

7. 50 foot easement along the easterly property boundary as shown on Survey Plat for Naniloa Investment Company, Ltd., a Utah Limited Partnership to Thomas Tatum, dated February 22, 1994, recorded in Cabinet C, page 155-A, records of Taos County, New Mexico.

8. Changes caused in the boundaries of the insured premises by reason of accretion or reliction.

9. Any adverse claim based upon the assertion that some portion of said land has been created by artificial means or has accreted to such portion so created.

10. Any adverse claim based upon the assertion that some portion of said land has been brought within the boundaries thereof by an avulsive movement of the Rio Grande River, or has been formed by accretion to such portion so created.

COUNTY OF TAOS          ) SS
STATE OF NEW MEXICO )
I hereby certify that this instrument was filed for record on the ____ day of ____, A.D. 19 95 , at 12:01 o'clock __ m. and was duly recorded in book A-223 page 153- 155 the records of Taos County.
Witness my Hand and Seal of Office
Carmen M. Medina
County Clerk, Taos County, N.M.



Exhibit "D"