IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT STARKS,

    Plaintiff,

vs.                                                                                                     Civ. 98-630 JC/WWD

RANDOLPH "DUKE" WHITE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon the Motion for Extension of Time in Which to Disclose or Alternatively, for Clarification of Time to Disclose Expert Witness Reports [54] filed by Plaintiff on February 8, 1999. Plaintiff seeks to delay providing expert witness reports addressing Defendant White's claims of title by adverse possession to all burial and cultural sites on Plaintiff's ranch. Plaintiff, complaining that he has not received sufficient information from Defendant White to allow his experts to address the claims of adverse possession, seeks to delay the disclosure of his experts addressing those claims until "thirty days after Defendant White has disclosed the factual basis for his claims of adverse possession and proscriptive rights of way." Plaintiff also seeks to delay disclosure of his expert witness reports "until thirty days after Defendant has identified and disclosed the expert he intends to call, along with their reports."

      As Plaintiff points out, the experts for whom the delays are sought would be rebuttal experts. Defendant White objects to Plaintiff's motion pointing out, *inter alia*, that Plaintiff has been given full access to Defendants and their records.

Discussion

Plaintiff should be allowed a period of thirty days after receipt of the identity and reports of Defendants' experts in which to disclose the identity and serve the reports of their <u>rebuttal</u> experts; that is, the experts Plaintiff will call to rebut Defendant White's counterclaim. If proper questions and requests for production from Plaintiff do not elicit the information necessary to prepare their expert witnesses, then a motion to compel would be the proper vehicle to seek to expand those responses. At that time, I would be in a position to address the question of whether Defendant White had failed to such an extent to make disclosures and to be responsive to discovery that his proof at trial with respect to the counterclaim should be limited strictly to the information and materials contained in his responses to discovery. I will not delay the providing of expert reports by the Plaintiff until such time as in the Plaintiff's judgment there are sufficient facts upon which to base an expert's testimony. Such an approach is entirely too vague and indefinite.

This cause shall proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

*[signature]*
UNITED STATES MAGISTRATE JUDGE