# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT STARKS,

    Plaintiff,

    vs.                                                                               No. CIV 98-0630 JC/WWD

RANDOLPH "DUKE" WHITE, WILLIAM LOGAN,
DAVE CORDOVA, and other unknown and similarly
situated persons acting in concert with the above-named
parties,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiff's Motion for Preliminary Injunction *(Doc. 2)*, filed June 12, 1998; Plaintiff's Motion to Dismiss Defendant White's Counterclaim *(Doc. 14)*, filed July 20, 1998; Defendant White's Motion for Summary Judgment *(Doc. 20)*, filed August 19, 1998; Defendant White's Motion to Hold Hearing in Taos County and to Require Plaintiff to Name BLM as a Defendant *(Doc. 21)*, filed August 19, 1998; Plaintiff's Motion to Dismiss Defendant White's Second Amended Answer and Counterclaim *(Doc. 26)*, filed October 2, 1998; and Defendant White's Motion for Jury Trial *(Doc. 33)*, filed November 9, 1998. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's Motion for Preliminary Injunction, Plaintiff's Motion to Dismiss Defendant White's Counterclaim, Plaintiff's Motion to Dismiss Defendant White's Second Amended Answer, Defendant White's Motion to Hold Hearings in Taos, and Motion for Jury Trial are not well taken

and will be denied. The Court will reserve ruling on the remaining motions until a hearing can be held on those issues.

**I.     Factual Background**

Plaintiff Robert Starks is the owner of a 15,728 acre tract of land known as the Ute Mountain Ranch. The property is bordered by the Rio Grande to the west and by the Colorado/New Mexico state line to the north. Public Service Company of New Mexico, one of Plaintiff's predecessors in title, sold a scenic easement over a portion of the property to the United States of America. The easement grants the United States the right to permit public entry onto the easement as part of the Rio Grande Wild and Scenic River designation. The parties agree that the United States is entitled to have access to the property for activities such as administering its Rio Grande Wild and Scenic River easement.

Both parties agree that the property was unfenced until some time in 1996. Defendants present evidence that neighboring property owners and the general public have crossed over Plaintiff's land for generations to reach the Rio Grande to swim, fish and picnic. Defendants also claim that Ute Mountain is sacred to some Native American tribes, and that Native Americans routinely performed ceremonies at certain sites on Plaintiff's land. Dirt roads ran across Plaintiff's land, and the public at large used those roads freely to access the river. Defendants claim that those dirt roads appeared on maps of the area.

In 1996, Plaintiff built a fence that prevented access to the road and plowed up the road. The fence was cut, and at least one of the defendants crossed Plaintiff's land in 1997 to reach the Rio Grande. Defendant White placed an ornate metal gate about a foot outside of the fence,

purportedly to notify Plaintiff of Defendants' claim to a right to cross over Plaintiff's land. That gate was removed in 1997 or 1998, purportedly by Plaintiff or his agents.

Plaintiff brought this action to enjoin Defendants and others from trespassing or cutting any fences on Plaintiff's property. A hearing was held on the application for a temporary restraining order on July 1, 1998. At that hearing, I raised the question of whether there was federal jurisdiction because Plaintiff's complaint failed to allege the jurisdictional amount in controversy for diversity actions. I also found that Plaintiff had not shown irreparable injury. I granted leave to file an amended complaint, which Plaintiff filed on July 14, 1998 *(Doc. 12)*. The amended complaint seeks injunctive relief as well as damages, claiming that the property's market value has decreased by $300,000 due to the alleged trespasses by Defendants.

**II.    Analysis**

Plaintiff has not renewed his motion for a preliminary injunction, nor has Plaintiff submitted any other evidence that could establish permanent and irreparable injury. Therefore, it appears that Plaintiff has abandoned his efforts to obtain a preliminary injunction pending resolution of this case. Even if Plaintiff has not abandoned this relief, I conclude that he is not entitled to a preliminary injunction because he has not established irreparable harm. *See* Transcript of Proceedings at 58 (July 1, 1998).

Plaintiff's Motion to Dismiss Defendant White's Counterclaim *(Doc. 14)* is denied as moot. Any deficiencies that might have existed in the original counterclaim were corrected when Defendant White submitted a more detailed pleading on August 19, 1998 *(Doc. 20)*.

Plaintiff's Motion to Dismiss Defendant White's Second Amended Answer and Counterclaim *(Doc. 26)* is without merit. Plaintiff claims that he is confused as to which pleading he should answer. Defendant White submitted a Second Amended Answer and Counterclaim on August 19, 1998 *(Doc. 20)*. That pleading was actually Defendant White's original answer to Plaintiff's First Amended Complaint *(Doc. 12)*, filed July 14, 1998. White's prior Answer and Counterclaim was made moot by the filing of Plaintiff's First Amended Complaint. There is no record of a First Amended Answer by White; apparently, White chose not to file that pleading after learning that Plaintiff filed the First Amended Complaint. Defendant White, as a *pro se* litigant, is entitled to have his pleadings interpreted more liberally than those of litigants represented by counsel. Plaintiff's claim of confusion appears to be exaggerated, and I can see no prejudice to Plaintiff that would justify dismissal of Defendant White's counterclaim or an order directing Defendant to re-plead his counterclaim.

Defendant White's Motion for Jury Trial is denied. A party has a right to a jury trial only as to those issues that form a part of "legal" as opposed to "equitable" actions. *See Ross v. Bernhard*, 396 U.S. 531, 533 (1970). Without burdening the parties with a protracted discussion of the historical distinctions between law and equity, I note that Defendant would have been entitled to a jury trial on Plaintiff's trespass action if he had made a timely demand. *See United States v. Connolly*, 3 F.R.D. 417, 418-19 (D. Mont. 1943). Under no circumstances would Defendant be entitled to a jury trial on his counterclaim to quiet title to a prescriptive easement, however. *See Meeker v. Ambassador Oil* Co., 308 F.2d 875, 883 (10th Cir. 1962), *rev'd per curiam*, 375 U.S. 160 (1963); *Humble Oil & Refining Co. v. Sun Oil Co.*, 190 F.2d 191 (5th Cir. 1951). Furthermore, the injunctive relief sought by Plaintiff is an equitable remedy; the Court alone can decide whether to award that

relief if the jury finds for Plaintiff on the merits of the trespass claim. *See United States v. Louisiana*, 339 U.S. 699, 706 (1950).

Defendant White has waived his right to a jury trial by failing to make a timely demand. The Federal Rules of Civil Procedure require that Mr. White demand a jury trial "not later than 10 days after the service of the last pleading directed to such issue." FED. R. CIV. P. 38(b). Amended pleadings that do not raise new issues do not provide a party with an extension of time within which to demand a jury trial. However, an answer by a new party does provide an extension of time within which the new party may exercise its right to a jury trial.[1]

Defendant White filed his answer on July 1, 1998. Plaintiff's Answer to White's Counterclaim was filed July 20, 1998. Although both parties have filed amended pleadings, I cannot discern any new issues in those pleadings that would give rise to a right to a jury trial. Therefore, White's demand for a jury trial, filed November 9, 1998, was more than three months late. Defendant White has waived his right to a jury trial by failing to make a timely demand.

Even though Defendant White's demand for a jury trial was not timely, I will consider whether I should exercise my discretion to grant him a jury trial notwithstanding his failure to make a timely demand. I note initially that White's status as a *pro se* party does not provide sufficient reason to excuse his tardiness. *See Jolivet v. Deland*, 966 F.2d 573, 578 (10th Cir. 1992). Some of the factors that should enter my decision include whether the motion was made in a reasonable time; whether

---

[1] I note that this decision to deny a jury trial only applies to Defendant White. The Native American Church, an unincorporated association named as a defendant in the original complaint but dropped as a defendant in Plaintiff's amended complaint, has filed an answer with a jury demand. Plaintiff has filed a motion to strike the Church's answer. That motion is still being briefed by the parties. If the motion to strike is denied, then Defendants will be entitled to a jury trial on the trespass issues. If the motion to strike is granted, one of the "unknown" defendants may move to intervene and would be entitled to demand a jury on certain issues. *See United States of America v. Country Club Garden Owners Assoc., Inc.*, 159 F.R.D. 400, 405-06 (E.D.N.Y. 1995).

Defendant's neglect was excusable; whether permitting a jury trial would prejudice Plaintiff's rights; and whether the issues are ill-adapted for a jury to determine. *See* 9 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2321 at 168, § 2334 at 198-99 (2d ed. 1995). Three facts in this case convince me that I should not exercise my discretion to grant a jury trial:

(1) the jury demand in this case was made over three months late;

(2) Defendant has not provided a good excuse for his delay, and

(3) the dispositive issue of whether there is a prescriptive easement is primarily a question of law rather than fact.

Therefore, I shall deny Defendant White's motion for a jury trial.

Defendant White's Motion to Hold Hearings in Taos is denied. There is no federal courthouse in Taos County. Therefore, there would be considerable inconvenience in scheduling the proceedings. Defendant has not established that holding hearings in Taos County would be substantially more convenient for the *necessary* witnesses than holding the hearings in Albuquerque. I note that many of Defendant's witnesses are elderly individuals who are being called to testify that the "old road" has been used for generations to cross Plaintiff's land in order to reach the Rio Grande. Repetitious testimony on this point is not necessary. The parties may be able to agree to stipulate to this point, or Defendant may be able to introduce deposition testimony if the witnesses are unavailable. Furthermore, I note that some of the witnesses, including Plaintiff and at least three of the defendants, are from out of state. Albuquerque may be more convenient for some of these witnesses, especially if overnight lodging is required.

I will reserve ruling on the remaining motions because a hearing would be useful to clarify the issues involved.

## III. Conclusion

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction *(Doc. 2)*, filed June 12, 1998; Plaintiff's Motion to Dismiss Defendant White's Counterclaim *(Doc. 14)*, filed July 20, 1998; Defendant White's Motion to Hold Hearing in Taos County and to Require Plaintiff to Name BLM as a Defendant *(Doc. 21)*, filed August 19, 1998; Plaintiff's Motion to Dismiss Defendant White's Second Amended Answer and Counterclaim *(Doc. 26)*, filed October 2, 1998; and Defendant White's Motion for Jury Trial *(Doc. 33)*, filed November 9, 1998, are **denied.**

**IT IS FURTHER ORDERED** that the Court reserves ruling on Defendant White's Motion for Summary Judgment *(Doc. 20)* and Defendant White's Motion to Require Plaintiff to Name BLM as a Defendant *(Doc. 21)*.

DATED this 12th day of April, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

>   Charlotte Hetherington
>   Simons Cuddy & Friedman, LLP
>   Santa Fe, New Mexico
>
>   Rodney L. Schlagel
>   Butt, Thornton & Baehr, P.C.
>   Albuquerque, New Mexico
>
>   Robert L. McHaney, Jr.
>   Waco, Texas

Defendants *pro se*:

>   Randolph "Duke" White
>   Mesita, Colorado
>
>   Dave Cordova
>   Garcia, Colorado
>
>   William Logan
>   Three Rivers, California