# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT STARKS,

    Plaintiff/Counter-defendant,

vs.                                                     No. CIV 98-0630 JC/WWD

RANDOLPH "DUKE" WHITE, WILLIAM LOGAN,
DAVE CORDOVA, and other unknown and similarly situated
persons acting in concert with the above-named parties,

    Defendants/Counter-claimants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for a hearing on May 5, 1999 for consideration of Defendant White's Motion for Summary Judgment *(Doc. 20)*, filed August 19, 1998, and Defendant White's Motion to Require Plaintiff to Name BLM[1] as a Defendant *(Doc. 21)*, filed August 19, 1998. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendant White's Motion to Require Plaintiff to Name BLM as a Defendant is well taken in part and will be granted in part. Because Plaintiff must re-plead his complaint and join additional parties, the Court will deny Defendant White's Motion for Summary Judgment at this time.

---

[1] The term "BLM" refers to the Bureau of Land Management.

## I. Factual Background[2]

Plaintiff brought this action to restrain Defendants from allegedly trespassing on Plaintiff's land. When I raised the question of whether I had jurisdiction because Plaintiff failed to allege an amount in controversy, Plaintiff amended his complaint to allege damages of $300,000. Later in the course of this litigation, Plaintiff filed a Lis Pendens Notice *(Doc. 56)* stating that "the object of the action is to establish, quiet and forever set at rest Plaintiff's title" and that Plaintiff brought the suit to bar Defendants and others from claiming any interest in the property adverse to Plaintiff. At the May 5, 1999 hearing, Plaintiff's attorneys confirmed that Plaintiff, in fact, is seeking to quiet title to the property.

Plaintiff's title insurer is also participating in this matter. Charlotte Hetherington entered her "limited appearance" on behalf of Plaintiff on December 2, 1998 *(Doc. 42)*. At the May 5, 1999 hearing, Ms. Hetherington represented to the Court that she actually represents the interests of Plaintiff's title insurer.

At the May 5, 1999 hearing, Plaintiff acknowledged that the United States owns an express scenic easement to a strip of Plaintiff's land adjoining the Rio Grande. The scenic easement gives the United States the right to permit the public to walk on and fish from that strip of Plaintiff's land. However, Plaintiff denies that the United States can authorize the public to cross Plaintiff's land to reach the easement. Plaintiff also represented that he intends to negotiate access rights with the United States after this suit concludes. Plaintiff claims that any access rights that the United States may have to its scenic easement are distinct and independent of the general public's rights. As

---

[2] My Memorandum Opinion and Order of April 12, 1999 *(Doc. 73)* contains a more complete description of the factual background of this case.

evidence, Plaintiff presents a memorandum from a Department of the Interior Field Solicitor that takes the position that the public's rights under the terms of the easement are more limited because the easement specifies a number of permitted uses for the Government, but only provides that the public may be permitted to walk on or fish from the property.

**II.      Analysis**

Defendant's Motion to Join BLM is governed by Rules 19(a) and 21 of the Federal Rules of Civil Procedure. Rule 19(a) provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Rule 21 provides:

> Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

Joinder under Rule 19 is mandatory if the court can acquire personal jurisdiction over the parties without destroying subject matter jurisdiction. *See Smith v. American Fed'n of Musicians*, 46 F.R.D. 24, 28 (S.D.N.Y. 1968). By contrast, Rule 21 provides the trial judge with much broader discretion to join additional parties for good cause, such as avoiding multiple suits or granting more complete relief. *See Cable TV Fund 14-A Ltd. v. Property Owners Ass'n Chesapeake Ranch Estates, Inc.*, 706 F. Supp. 422, 431 (D.Md. 1989). Under either rule, the key issue is whether the United States has an interest in the subject of this litigation. If the United States claims such an

interest and this litigation may impair or impede the United States' ability to protect that interest, then the United States must be joined under Rule 19(a). If the United States claims such an interest and protecting that interest may lead to multiple suits, then I have discretion to join or not to join the United States under Rule 21.

This case has evolved into a quiet title suit that will adjudicate the rights of the defendants and the general public to cross Plaintiff's land to reach the river. Defendants appear to have three theories under which they are claiming the right to cross Plaintiff's land:

1) The so-called "Old Road" that runs between the Colorado state line and the Rio Grande is a public road under New Mexico law.

2) Defendants have acquired an easement by prescription to use the road to reach the river.

3) When Plaintiff's predecessor in title sold the scenic easement to the United States, an implied easement was created for the BLM (as administrator of the easement) and the general public to use the "Old Road" to access the scenic easement.

Defendants present evidence on the record that even though the United States has not moved to intervene, BLM informally has asserted its claim to implied easement rights to cross Plaintiff's land to administer the scenic easement. *See* Ex. 8A, 8E to Def.'s Answer *(Doc. 10)*, filed July 1, 1998. There is no evidence on the record of whether the United States takes a position concerning Defendants' other two theories.

I note that Defendants' interests parallel the United States' asserted interest under the first and third theories. For example, if I find that the "Old Road" is a public road under New Mexico law, then BLM will have the same rights to use that road as Defendants. Similarly, if I find that Defendants have an implied easement to cross Plaintiff's land to access the scenic easement, the same

implied easement must be available to BLM personnel. Therefore, it appears that the first part of the Rule 19(a) test is satisfied: the United States claims a right to cross Plaintiff's land to access its scenic easement, and this litigation relates to the asserted rights of the United States.

The next part of the Rule 19(a) test is whether the ability of the United States to protect its interest may, as a practical matter, be impaired or impeded if this litigation proceeds. Certainly the doctrines of claim preclusion ("res judicata") or issue preclusion ("collateral estoppel") do not apply because the United States is not yet a party, or in privity with a party, to this lawsuit. *See Bloch v. Sun Oil Corp.*, 335 F. Supp. 190, 195 (W.D. Okla. 1971). But practical prejudice may still result even if these preclusion doctrines do not apply. *See Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 561 (M.D. Pa. 1982). *But see Intercept Sec. Corp. v. Code-Alarm, Inc.*, 164 F.R.D. 215, 218-19 (E.D. Mich. 1995). For example, a finding that the "Old Road" is not a public road would certainly affect subsequent legal proceedings through the doctrine of *stare decisis*. *See Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 828 (5th Cir. 1967); *Bloch*, 335 F. Supp. At 195-96.

I am not persuaded by Plaintiff's argument that the interest of the United States in crossing Plaintiff's land is fundamentally different from that of the general public. *See* Pl.'s Resp. *(Doc. 88)*, filed May 5, 1999, at 3. I agree that the scenic easement provides the United States and the public with different rights because it grants the United States a broader range of permitted uses. But the relevant issue is what is the legal basis for the general public and BLM personnel to cross over Plaintiff's land to reach the scenic easement, not what are the rights of the parties as to use of the scenic easement. I conclude that there is no fundamental difference in the theories that BLM would assert (public road, implied easement, public prescriptive easement) compared with those of the Defendants.

Plaintiff's argument that BLM and Plaintiff should be allowed to negotiate their own access agreement does not persuade me that this litigation will not affect the United States' interest. As I noted above, a judgment for Plaintiff will make it more difficult for the United States to assert its rights to cross over Plaintiff's land. Even if Plaintiff negotiates access rights with the United States after this lawsuit, Plaintiff's bargaining position will be much stronger, and the United States' interest may be impaired.

I next consider whether there is jurisdiction to join the United States.[3] The Federal Quiet Title Act provides this Court with jurisdiction over quiet title actions brought against the United States as a defendant. *See* 28 U.S.C. §§ 1346(f) & 2409a. The Federal Quiet Title Act covers actions where the United States' interest is a cloud on a plaintiff's title. *See Knapp v. United States*, 636 F.2d 279, 282 (10th Cir. 1980). The Act also applies to implied easements and other rights-of-way. *See Burdess v. United States*, 553 F. Supp. 646, 648 (E.D. Ark. 1982).

I conclude that the United States should be joined as a defendant to Plaintiff's quiet title action under either Rule 19 or Rule 21 of the Federal Rules of Civil Procedure. Because Plaintiff must re-plead his claims to state a quiet title claim and to join the United States, it is appropriate to consider whether Plaintiff's title insurer should be joined as a party. As noted above, Ms. Hetherington has been participating in this action under a "limited appearance" on behalf of Plaintiff. There are potential conflicts of interest between Plaintiff and the title insurer. For example, if Defendants prevail on their counterclaim, Plaintiff may be in a position to bring a claim against the insurer. Therefore, it is in the interest of the title insurer to *minimize* the damages that Plaintiff is

---

[3] The United States, not the BLM, is the real party in interest in actions to quiet title. *See Wright v. Gregg*, 685 F.2d 340, 341-42 (9th Cir. 1982).

seeking to prove. It is unclear whether Plaintiff's title insurer is a real party in interest at this stage in the litigation or whether impleading the title insurer as a third-party defendant to the counterclaim pursuant to Rule 14(b) is more appropriate. However, it appears that Ms. Hetherington should not be participating in this action if the title insurer is not a party and she does not fully represent Plaintiff's interests.

Because additional parties will be joined in this matter, it would be inappropriate for me to rule on Defendant White's Motion for Summary Judgment on the counterclaim before all parties have had the opportunity to be heard. Defendant White may renew his Motion for Summary Judgment after Plaintiff files and serves his amended complaint. Defendant shall file and serve his renewed motion on all parties in compliance with Local Rule D.N.M. LR-Civ. 7.4. When briefing this issue, all parties shall limit their discussions to the dispositive issues: whether Defendants can establish that the "Old Road" is a public road under New Mexico law, whether Defendants can establish a prescriptive easement, or whether Defendants can establish an implied easement to reach the United States' scenic easement.

### III. Conclusion

Wherefore,

**IT IS ORDERED** that Defendant White's Motion to Require Plaintiff to Name BLM as a Defendant *(Doc. 21)* is **granted in part**. Plaintiff is granted leave to file a Second Amended Complaint including a quiet title claim and shall join the United States as a defendant to the quiet title claim. Plaintiff shall file and serve the amended complaint on all parties within twenty (20) days. Defendants shall file an Answer, together with any counterclaims, in compliance with all applicable

rules of civil procedure.  Plaintiff is granted leave to join Plaintiff's title insurer in this action either as an additional plaintiff or as a third-party defendant to the counterclaim, as appropriate.

**IT IS FURTHER ORDERED** that Defendant White's Motion for Summary Judgment *(Doc. 20)*, filed August 19, 1998, is **denied**.  Defendant White may renew this motion after the United States is joined in this action.

DATED this 26th day of May, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Charlotte Hetherington<br>Simons Cuddy & Friedman, LLP<br>Santa Fe, New Mexico |
| | Rodney L. Schlagel<br>Butt, Thornton & Baehr, P.C.<br>Albuquerque, New Mexico |
| | Robert L. McHaney, Jr.<br>Waco, Texas |
| Defendants *pro se*: | Randolph "Duke" White<br>Mesita, Colorado |
| | Dave Cordova<br>Garcia, Colorado |
| | William Logan<br>Three Rivers, California |