IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT STARKS,

       Plaintiff,

vs.                                                           No. CIV 98-0630 JC/WWD (ACE)

RANDOLPH "DUKE" WHITE, et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendant White's Motion for Summary Judgment, filed July 2, 1999 *(Doc. 110)*.

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(c). Under this standard, the moving party initially carries the burden of pointing out to the trial court that there is an absence of evidence to support the nonmoving party's case, although the moving party need not affirmatively negate the nonmovant's claim in order to obtain summary judgment. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 840 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1165 (1998), citing *Celotex v. Catrett*, 477 U. S. 317, 322-23, 325 (1986). The Court examines the factual record and all reasonable inferences therefrom in the light most favorable to the nonmoving party, *Allen*, 119 F.3d at 839-40, and materiality of facts in dispute, if any, is dependent upon the substantive law, *id*. at 839, citing *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). D.N.M.LR-Civ. 56.1(b) further requires that the movant must file a memorandum containing a list of authorities which the movant relied upon in making his motion for summary judgment. The movant also "must refer with particularity to those portions of the record upon which [he] relies." *Id*.

Defendant White's Motion for Summary Judgment contains no citations to legal authorities and few references to the record to support his factual allegations. Mostly Defendant White's Motion for Summary Judgment is filled with unsupported factual allegations and legal conclusions. Under these circumstances, I simply cannot find that Defendant White carried his burden of pointing out to the Court that there is an absence of evidence to support the nonmoving party's case. I, therefore, find that Defendant White's Motion for Summary Judgment is not well taken and should be denied.

Wherefore,

IT IS ORDERED that Defendant White's Motion for Summary Judgment, filed July 2, 1999 *(Doc. 110)*, is **denied**.

DATED this 27th day of August, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**