# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT STARKS,

       Plaintiff,

vs.                                  No. CIV 98-0630 JC/WWD (ACE)

RANDOLPH "DUKE" WHITE, et al.,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order Dated May 26, 1999 and Order Denying Motion to Withdraw Attorney Rodney L. Schlagel, filed June 16, 1999 *(Doc. 103)*. Plaintiff moves the Court to reconsider the status of Plaintiff's counsel, Charlotte Hetherington, and the scope of her representation in this case. Defendant White, *pro se*, in his response[1] to this motion for reconsideration asks the Court to vacate the August 11, 1999 settlement conference, set hearings on the motions for summary judgment in Taos, New Mexico on August 11, 1999, and not allow the withdrawal of Plaintiff's counsel, Rodney Schlagel.

As a preliminary matter, the Court notes that Magistrate Judge Deaton has already granted Defendant White's request to vacate the August 11, 1999 settlement conference. Order, filed July 20, 1999 *(Doc. 120)*. However, having considered Defendant White's request to hold hearings on the

---

[1] On July 2, 1999, Defendant White filed a Motion Not to Reconsider and Motion to Vacate *(Doc. 111)*. Those motions are actually responses to the motion to reconsider and so will be treated as such.

motions for summary judgment at Taos, New Mexico on August 11, 1999, I find that Defendant White's request is not well taken and will be denied.

## I.    **Background**

I initially noted in my Memorandum Opinion and Order, filed May 26, 1999 *(Doc. 97)*, that Ms. Hetherington, an attorney entering a limited appearance on behalf of Plaintiff, represents Plaintiff's title insurer.  Accordingly, I stated in my Order Denying Motion to Withdraw Attorney Rodney L. Schlagel, filed June 2, 1999 *(Doc. 100)*, that there was an inherent conflict of interest between Plaintiff and the title insurer concerning Plaintiff's claim for damages.  I also stated in my Order Denying Motion to Withdraw Attorney Rodney L. Schlagel that it appeared that Mr. Civerolo and Ms. Pullen might be representing another party's interest since they appeared to represent Plaintiff only as "Counter-defendant Robert Starks."  I concluded that "Mr. Schlagel may withdraw from this action only after a resident member of the Federal Bar of this district, who fully represents Plaintiff's interests, associates with Mr. McHaney and enters an appearance."  Order Denying Motion to Withdraw Attorney Rodney L. Schlagel at 2.

Ms. Hetherington has since submitted an affidavit in which she states that Plaintiff has requested that her firm, Simons, Cuddy & Friedman, L.L.P., be substituted as local counsel for Mr. Schlagel's firm, Butt, Thornton & Baehr, P.C.  Ms. Hetherington further states that "Simons, Cuddy & Friedman, LLP has agreed to perform the functions of local counsel as contemplated in L.R. Civ. 83.3."  Aff. of Charlotte H. Hetherington In Support of Mot. for Recons. at 2, filed June 16, 1999 *(Doc. 105)*.  Ms. Hetherington clarifies that neither she nor Simons, Cuddy & Friedman represent the interests of the title insurer or the interests of any other person than

Plaintiff. Finally, Ms. Hetherington notes that other New Mexico counsel has been retained to represent Plaintiff but the Motion to Withdraw filed by Butt, Thornton & Baehr "does not necessarily identify the delegation of the case management responsibilities among the New Mexico Counsel. A Notice of Substitution of Counsel will be filed to expressly reflect the substitution of local New Mexico counsel for the Plaintiff's affirmative claims." *Id*.

In addition to Ms. Hetherington's affidavit, Plaintiff filed an affidavit on the same date. According to Plaintiff, insurance carriers have retained Simons, Cuddy & Friedman and Civerolo, Gralow & Hill, P.C. (the New Mexico firms) to represent him pursuant to his insurance policies. Plaintiff states that Mr. McHaney represents his affirmative claims while the New Mexico firms will provide a defense against the counterclaims filed by Defendant White. Plaintiff states he "expressly waive[s] any appearance or inherent conflict of interest that may be perceived by others by the arrangements [he has] among [his] counsel." Aff. of Robert Starks in Support of Mot. for Recons. at 2, filed June 16, 1999 *(Doc. 104)*. Moreover another attorney, Janice Ahern, from Santa Fe, New Mexico, recently entered an appearance on behalf of Plaintiff. Entry of Appearance, filed Aug. 23, 1999 *(Doc. 137)*. The scope of Ms. Ahern's representation is not defined.

## II.    Discussion

There still appears to be confusion as to whether Ms. Hetherington and her law firm will associate with Mr. McHaney as local counsel on the affirmative claims. On the one hand, Ms. Hetherington states that Plaintiff requested that she and her law firm act as local counsel with Mr. McHaney. Plaintiff, on the other hand, states that Ms. Hetherington and her law firm will represent him only as to the counterclaims whereas Mr. McHaney will represent him only on the

affirmative claims. Ms. Hetherington, however, suggests that she will file a Notice of Substitution of Counsel which will reflect which New Mexico counsel will represent Plaintiff on the affirmative claims. Yet Ms. Hetherington does not elaborate on who will represent Plaintiff on those affirmative claims. Moreover, the Court notes that D.N.M.LR-Civ. 83.8(a) states that an uncontested motion to withdraw must contain a notice of appointment of substitute attorney. Plaintiff's Motion to Withdraw Attorney Rodney L. Schlagel, filed May 27, 1999 *(Doc. 98)*, does not contain any such notice of appointment of substitute attorney. Considering the above circumstances, I find that the Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order Dated May 26, 1999 and Order Denying Motion to Withdraw Attorney Rodney L. Schlagel should be denied until Plaintiff complies with D.N.M.LR-Civ. 83.8(a) and files a Notice of Substitution of Counsel which specifies what claims Ms. Hetherington and her firm are representing for Plaintiff.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order Dated May 26, 1999 and Order Denying Motion to Withdraw Attorney Rodney L. Schlagel, filed June 16, 1999 *(Doc. 103)* is **denied** at this time.

IT IS ALSO ORDERED that Defendant White's request to hold hearings on the motions for summary judgment at Taos, New Mexico on August 11, 1999 *(Doc. 111)* is **denied**.

DATED this 30th day of August, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Rodney L. Schlagel<br>Butt, Thornton & Baehr, P.C.<br>Albuquerque, New Mexico |
| | Charlotte H. Hetherington<br>Simons, Cuddy & Friedman, L.L.P.<br>Santa Fe, New Mexico |
| | Robert L. McHaney, Jr.<br>Waco, Texas |
| | Richard C. Civerolo<br>Lisa Pullen<br>Civerolo, Gralow & Hill, P. A.<br>Albuquerque, New Mexico |
| | Janice M. Ahern<br>Ahern & Hyatt, P.A.<br>Santa Fe, New Mexico |
| Defendants *pro se*: | Randolph "Duke" White<br>Mesita, Colorado |
| | William Logan<br>Three Rivers, California |
| | Dave Cordova<br>Garcia, Colorado |
| Counsel for United States: | John W. Zavitz, AUSA<br>U. S. Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |