# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT STARKS,

    Plaintiff,

vs.                                            No. CIV 98-0630 JC/WWD (ACE)

RANDOLPH "DUKE" WHITE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Renewed Motion for Summary Judgment on Counterclaim of Defendant Randolph "Duke" White, filed August 23, 1999 *[Doc. 140]*.

**I.**     **Background**

This case presents the fundamental question of whether Defendants have any right to use dirt roads to traverse across Plaintiff's private property known as Ute Mountain ranch to gain access to the Rio Grande gorge and Ute Mountain. The individual defendants travel across Ute Mountain ranch to go to the Rio Grande gorge and Ute Mountain for both recreational and religious purposes and have done so for several decades. The Rio Grande gorge borders on the western boundary of Ute Mountain ranch and is encompassed by a scenic easement granted to the Bureau of Land Management (BLM) in 1980 by a previous owner of Ute Mountain ranch.

In 1995, Plaintiff purchased Ute Mountain ranch. By July 1996, Plaintiff fenced the northern boundary of his property to deter trespassers. The individual defendants, nonetheless, destroyed Plaintiff's gates to continue going onto the Ute Mountain ranch to access the Rio Grande gorge and Ute Mountain.

Defendant White claims in his Second Counterclaim, filed August 19, 1998 *[Doc. 20]*, that one of the dirt roads, the Old Road, is a public highway. Defendant White also claims that he has both a private and public right of prescriptive easement over that road. Additionally, Defendant White believes that he has adverse possession of the Old Road as well as adverse possession of certain sites on Ute Mountain Ranch. Finally, Defendant White appears to claim an easement by necessity to gain access to the Rio Grande gorge.

## II.  Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). In reviewing a motion for summary judgment, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party." *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995)." Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)).

"If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. Discussion

#### A. Ranch Roads as Public Highways

Defendant White maintains that the Old Road is a public highway as defined by NMSA 1978, § 67-2-1 (1905). Section 67-2-1 states that

> All roads and highways, except private roads, established in pursuance of any law of New Mexico, and roads dedicated to public use, that have not been vacated or abandoned, and such other roads as are recognized and maintained by the corporate authorities of any county in New Mexico, are hereby declared to be public highways.

Under this definition, public highways can be created in three ways: by state law, dedication to public use, and recognition and maintenance by public authorities. *See Norero v. Board of County Comm'rs of Grant County*, 82 N.M. 300, 300-01, 481 P.2d 88, 88-89 (1971). It is undisputed that the Old Road was not created pursuant to any state law. It is also undisputed that no county or state authorities have recognized and maintained that road. Defendant White, however, argues that there has been public use of the road for many years. That argument requires a closer look at the issue of dedication to public use.

Common law or implied dedication to public use is accomplished by an offer of dedication and an acceptance of that offer. *Luevano v. Maestas*, 117 N.M. 580, 586, 874 P.2d 788, 794 (Ct. App. 1994) (citation omitted). The land owner must intend to make an offer of dedication for a proper public use. *Id*. The land owner's intent need not be express and "'may be manifested by his acquiescence in its use by the public. . . .'" *Id*. (quoting 23 AM. JUR. 2D *Dedication* § 34 (1983)). Acceptance of an offer of dedication may also be established by general public use. *See Lovelace v.*

*Hightower*, 50 N.M. 50, 55, 168 P.2d 864, 867 (1946). The issue of whether a common law or implied dedication to public use was made is a question of fact. *Medina Lake Protection Ass'n v. Bexar-Medina-Atascosa Counties Water Control & Imp. Dist. No. 1*, 656 S.W.2d 91, 94 (Tex. Ct. App. 1983) (cited in *Luevano*, 117 N.M. at 586, 874 P.2d at 794). Because there is undisputed evidence of public use, Defendant White raises a sufficient question of material fact as to whether a dedication to pubic use was made. Such a question is best left for trial. Summary judgment will, therefore, be denied on the public highway counterclaim.

### B. Private Prescriptive Easement

Defendant White's claim for a private prescriptive easement fails for one reason. One cannot find that both the general public uses a road and there is a private right-of-way. *Luevano*, 117 N.M. at 586, 588 P.2d at 796; *Trigg v. Allemand*, 95 N.M. 128, 133-34, 619 P.2d 573, 578-79 (Ct. App. 1980). Such findings of public and private use are inconsistent. In this case, as stated *supra*, there is undisputed evidence of public use. Consequently, Defendant White cannot as a matter of law also claim a right to a private easement. Summary judgment is, therefore, appropriate on the private prescriptive easement counterclaim.

### C. Public Prescriptive Easement

A public prescriptive easement is established if use of the land is "'open, uninterrupted, peaceable, notorious, adverse, under a claim of right, and continue[s] for a period of ten years with the knowledge or imputed knowledge of the owner.'" *Luevano*, 117 N.M. at 584, 588 P.2d at 792 (quoting *Hester v. Sawyers,* 41 N.M. 497, 505, 71 P.2d 646, 651 (1937)). "If the user was open, adverse, notorious, peaceable, and uninterrupted, the owner is charged with knowledge of such user, and acquiescence in it is implied." *Hester,* 41 N.M. at 504, 71 P.2d at 651 (citation omitted). Where

there is no evidence of express permission to use the land, use is "'presumed to be adverse under claim of right.'" *Luevano*, 117 N.M. at 584, 588 P.2d at 792 (quoting *Village of Capitan v. Kaywood*, 96 N.M. 524, 525, 632 P.2d 1162, 1163 (1981)). This presumption of adverse claim, however, can be rebutted under the neighbor accommodation exception. *Scholes v. Post Office Canyon Ranch, Inc.*, 115 N.M. 410, 412, 852 P.2d 683, 685 (Ct. App.), *cert. denied*, 114 N.M. 123, 835 P.2d 839 (1992). The neighbor accommodation exception states that "'where large bodies of privately owned land are open and unenclosed [sic], it is a matter of common knowledge that the owners do not object to persons passing over them for their accommodation.'" *Id.* (quoting *Hester*, 41 N.M. at 504-05, 71 P.2d at 651). The neighbor accommodation exception is limited to situations "'where the owners thereof could not reasonably know of passings over said lands.'" *Id.* (quoting *Maestas v. Maestas*, 50 N.M. 276, 279-80, 175 P.2d 1003, 1006 (1946)).

Plaintiff argues that because Defendants use the roads at issue for recreational purposes the prescriptive use doctrine does not apply. Plaintiff cites to various cases from jurisdictions outside of New Mexico to support this argument. There is, however, one New Mexico case which applies the prescriptive use doctrine to a situation where people were traversing another's land to drive cattle and for hunting, fishing and recreation. *Vigil v. Baltzley*, 79 N.M. 659, 448 P.2d 171 (1968). Accordingly, I find Plaintiff's argument regarding recreational use is without merit.

It is undisputed in this case that the public has used the road at issue in an open, uninterrupted, peaceable, and notorious manner. Consequently, knowledge of this use is imputed to the previous owners. There is, however, a question as to the continuity of use by the individual defendants. The continuity requirement is construed under a reasonableness standard. *Maloney v. Wreyford*, 111 N.M. 221, 224, 804 P.2d 412, 415 (Ct. App. 1990). It is undisputed that the individual

defendants cross Plaintiff's property maybe four or more times a year. Whether that frequency of crossing reasonably constitutes continuous use is a question of material fact for the fact finder at trial to determine. *See Leyba v. Whitley*, 120 N.M. 768, 778, 907 P.2d 172, 182 (1995) ("Reasonableness is a question of fact.")

The next question under the public prescriptive use claim is whether an adverse claim of right exists. The answer to that question depends on whether the neighbor accommodation exception applies. Ute Mountain Ranch was not fenced prior to Plaintiff's purchase of the land. It is undisputed that the road at issue does not pass near any dwelling on the ranch. Whether these undisputed facts constitute a situation where owners of the ranch could not reasonably know of people passing over the ranch is another question of material fact best left for determination at trial. *See id*. For all of the above reasons, I find that summary judgment is not appropriate with respect to the public prescriptive use counterclaim.

### D. Adverse Possession

Title to property can be obtained through adverse possession as set out in NMSA 1978, § 37-1-22 (1973). To establish adverse possession pursuant to § 37-1-22, the claimant must demonstrate by clear and convincing evidence "color of title, acquired in good faith, with open, exclusive, notorious, continuous, and hostile possession, and payment of taxes for the statutory period [of ten years]." *Castellano v. Ortega*, 108 N.M. 218, 219, 770 P.2d 540, 541 (Ct. App. 1989). Here, it is undisputed that Defendant White has never paid any taxes for any part of Ute Mountain ranch. When there is no evidence that taxes have been paid by a claimant, adverse possession cannot be established "whether or not any other elements of adverse possession are present." *Platt v. Martinez*, 90 N.M. 323, 324, 563 P.2d 586, 587 (1977). Because Defendant White

has never paid taxes on any part of Ute Mountain Ranch, I must find as a matter of law that he cannot claim adverse possession. Summary judgment is, therefore, appropriate on the counterclaim of adverse possession.

**E.      Implied Easement by Necessity to Access the Rio Grande Gorge**

"Easements by necessity arise from an implied grant or reservation of right of ingress and egress to a landlocked parcel." *Hurlocker v. Medina*, 118 N.M. 30, 31, 878 P.2d 348, 349 (Ct. App. 1994) (citing *Herrera v. Roman Catholic Church*, 112 N.M. 717, 720, 819 P.2d 264, 267 (Ct. App. 1991)). Such an easement depends on the parties' intent. *Id*. By definition, an easement by necessity is established when a court "find[s] a conveyance of a portion of the grantor's land that, after the severance of the two parcels, creates a necessity to pass over one of them to reach any road or public street." *Id*. (citation omitted). The elements of an easement by necessity are as follows: 1) unity of title; 2) "that the dominant estate has been severed from the servient tract, thereby curtailing access of the owner from the dominant estate to and from a public roadway; and 3) that a reasonable necessity existed for such right of way at the time the dominant parcel was severed from the servient tract." *Id.* at 31-32, 878 P.2d at 349-50 (quoting *Herrera*, 112 N.M. at 720, 819 P.2d at 267). A reasonable necessity, however, is not one which is "merely convenient. . . .'" *Venegas v. Luby*, 49 N.M. 381, 386, 164 P.2d 584, 587 (1945) (quoting 17 AM. JUR. 953, § 43). *See also Otero v. Pacheco*, 94 N.M. 524, 526, 612 P.2d 1335, 1337 (Ct. App.), *cert. denied*, 94 N.M. 674, 615 P.2d 991 (1980). Furthermore, "if the estate is readily accessible by other means at the time of severance, there can be little basis to infer intent to preserve access." *Hurlocker*, 118 N.M. at 34, 878 P.2d at 352 (citations omitted).

In this case, it is undisputed that there is no unity of title with respect to the individual defendants because the scenic easement was made to the BLM, not to the individual defendants. Consequently, the individual defendants can only claim an implied easement of necessity via any easement the BLM attained for public access to the Rio Grande gorge. First, the undisputed facts indicate that there are trail roads to the Rio Grande gorge from both the south and north of the Ute Mountain ranch. The condition of those roads are apparently poor. Consequently, there is a question of whether these roads can be characterized as providing ready access to the Rio Grande gorge. In addition, the question arises whether these rough roads make it reasonably necessary to cross the Ute Mountain ranch to reach the Rio Grande gorge. These questions are questions of material facts which should be presented at trial. *See Leyba*, 120 N.M. at 778, 907 P.2d at 182 ("Reasonableness is a question of fact.").

Second, the scenic easement grant itself only states that "[t]he Grantee [BLM] is hereby granted the right to permit the public to walk on, and/or fish from the above described property." Exhibit 7 (attached to Answer Objection to Mot. for Temporary Orders and Prelim. Inj. (Answer Objection), filed July 1, 1999 *[Doc. 10]*). Although the BLM believes that public access was not intended by the granting of the scenic easement, the scenic easement grant itself is unclear as to what rights the public has on Ute Mountain ranch with respect to gaining access to the Rio Grande gorge. Even so, the appraisal for the scenic easement states that historically the public crossed Plaintiff's land. Exhibit 6 (attached to Answer Objection). Interestingly, there is no document from the grantor of the scenic easement concerning its intent with respect to public access. "If the intent of the parties as to the creation of an easement by necessity is unclear, then intent becomes a question of fact and summary judgment is inappropriate." *Hurlocker*, 118 N.M. at 34, 878 P.2d at 352 (citations

omitted). Under these circumstances, I cannot find that summary judgment is appropriate on the easement by necessity counterclaim.

Wherefore,

IT IS ORDERED that Plaintiff's Renewed Motion for Summary Judgment on Counterclaim of Defendant Randolph "Duke" White *(Doc. 140)* is **granted** as to Defendant White's counterclaims of private prescriptive easement and adverse possession.

IT IS FURTHER ORDERED that Plaintiff's Renewed Motion for Summary Judgment on Counterclaim of Defendant Randolph "Duke" White is **denied** as to Defendant White's counterclaims of public highway, public prescriptive easement and easement by necessity.

DATED this 28th day of October, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Charlotte H. Hetherington<br>Simons, Cuddy & Friedman, L.L.P.<br>Santa Fe, New Mexico<br><br>Robert L. McHaney, Jr.<br>Waco, Texas<br><br>Richard C. Civerolo<br>Lisa Pullen<br>Civerolo, Gralow & Hill, P. A.<br>Albuquerque, New Mexico<br><br>Janice M. Ahern<br>Ahern & Hyatt, P.A.<br>Santa Fe, New Mexico |
| Defendants *pro se*: | Randolph "Duke" White<br>Mesita, Colorado<br><br>William Logan<br>Three Rivers, California<br><br>Dave Cordova<br>Garcia, Colorado |
| Counsel for United States: | John W. Zavitz, AUSA<br>U. S. Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |